# REPORTS OF CASES

### DETERMINED BY

# THE SUPREME COURT

### OF THE

# STATE OF NEVADA

## JULY TERM, 1920

[No. 2443]

THE STATE OF NEVADA, ON THE RELATION OF
JOHN F. SHAUGHNESSY, WM. H. SIMMONS,
AND JAMES G. SCRUGHAM, MEMBERS OF AND
CONSTITUTING THE PUBLIC SERVICE COMMISSION OF
THE STATE OF NEVADA, PETITIONER, v. EMMET D.
BOYLE, GOVERNOR OF THE STATE OF NEVADA;
GEORGE BRODIGAN, SECRETARY OF STATE OF
THE STATE OF NEVADA; AND LEONARD B.
FOWLER, ATTORNEY-GENERAL OF THE STATE OF
NEVADA, MEMBERS OF AND CONSTITUTING THE
STATE BOARD OF EXAMINERS OF THE STATE OF
NEVADA; GEORGE COLE, STATE CONTROLLER OF
THE STATE OF NEVADA, AND ED MALLEY, STATE
TREASURER OF THE STATE OF NEVADA, RESPONDENTS.

[190 Pac. 914]

1. MANDAMUS—STATE BOARD OF EXAMINERS CANNOT BE COMPELLED
TO APPROVE PAYMENT OUT OF CERTAIN FUND WHERE ANOTHER
FUND IS AVAILABLE.

A writ of mandamus will not be issued to compel the
board of examiners to approve claims for payment out of
appropriations under act of March 22, 1919 (Stats. 1919, c. 81),
secs. 23, 24, and state controller to draw warrants, where
there is a fund available for payment of such claims under
act of March 28, 1919 (Stats. 1919, c. 109), sec. 46, out of which
the board is willing to authorize payment of claims, since, if
payments may be made out of either of the two funds, the
selection of the particular fund involves an exercise of discre-
tion which cannot be controlled by mandamus.

VOL. 44—8

ORIGINAL PROCEEDING.   Application for writ of mandamus by the State of Nevada on the relation of John F. Shaughnessy and others, members of and constituting the Public Service Commission of the State of Nevada, against Emmet D. Boyle, Governor of the State of Nevada and others, members of and constituting the State Board of Examiners of the State of Nevada, and others.   **Peremptory writ denied, alternative writ quashed, and proceedings dismissed.**

*Leonard B. Fowler,* Attorney-General, and *Robert Richards,* Deputy Attorney-General, for Petitioner:

Even if this court should be of the opinion that the legislature made a blunder in not repealing the items in dispute, the sections in the general appropriation act, of which they are part, are valid, and cannot be abrogated by judicial decision.   "The presumption is against the intention to repeal where express terms are not used."   36 Cyc. 1071, 1072.   "To justify the presumption of an intention to repeal one statute by another, either the two statutes must be irreconcilable, or the intent to effect the repeal must be otherwise clearly expressed."   Idem, 1072.   "Between the two acts there must be plain, unavoidable, and irreconcilable repugnancy."   Idem, 1074.   "But the appellant makes the further objection that these items of the general appropriation bill were included by mistake. * * * Courts cannot inquire into the motives of legislators.   In this case, we know that the appropriation bill was duly enacted as a law.   If the facts alleged in respect to the other bill are admitted, it is still a matter of mere conjecture what effect the pendency of that bill had; and it cannot be held as a matter of law, or proved as a matter of fact, that, except for its anticipated passage, the appropriation bill would have been altered."   Lewis v. Colgan, 115 Cal. 529.

*Forman & McKnight,* for Respondents:

The general appropriation act was approved March

22, 1919. On March 28, 1919, an act consolidating the railroad commission and the public service commission, and repealing all prior acts concerning both of said commissions, was approved. Stats. 1919, 132, 198. The later act revised the whole subject-matter of the former laws governing the two commissions, and expressly repealed sections 23 and 24 of the general appropriation act. Even though said sections were not expressly repealed, they were repealed by the new act, and it was entirely unnecessary for the latter to contain express words in order to effect that result. Thorpe v. Schooling, 7 Nev. 15; State v. Rogers, 10 Nev. 319. The intention of the legislature controls the courts, not only in the construction of an act, but also in determining whether a former law is repealed or not; and when such an intention is manifest, it is to be carried out, no matter how awkwardly expressed or indicated. Maynard v. Newman, 1 Nev. 271; Thorpe v. Schooling, supra; State v. Ross, 20 Nev. 61.

By the Court, DUCKER, J. :

By this proceeding John F. Shaughnessy, Wm. H. Simmons, and James G. Scrugham, members of and constituting the Public Service Commission of the State of Nevada, seek a peremptory writ of mandamus to compel Emmet D. Boyle, governor, and George Brodigan, secretary of state, as members of the State Board of Examiners of the State of Nevada, to allow and approve certain claims presented to said board of examiners to be paid out of specific funds alleged to have been appropriated for such purpose by sections 23 and 24 of an act of the legislature of the State of Nevada (Stats. 1919, c. 81), entitled "An act making appropriations for the support of the civil government of the State of Nevada for the years 1919 and 1920," approved March 22, 1919. The writ is also sought to compel George A. Cole, as state controller of the State of Nevada, to draw his warrants upon the state treasurer of the State of Nevada for the payment of said claims

from said specified funds, and to direct Ed Malley, as state treasurer of the State of Nevada, to pay said warrants therefrom.

The claims which give rise to this controversy are the claims of F. O. Broili in the sum of $100 for services as engineer for the public service commission during the months of April and May, 1919, and the claim of the commission for and on behalf of the National Association of Railway Commissions for $500 for the year 1919 and $500 for the year 1920. These claims were duly approved by the commission, and presented to the state board of examiners, and as alleged in the petition were rejected by said board by the votes of the governor and the secretary of state, solely on the ground that there was no appropriation therefor. It is also alleged in the petition that the only member of said board who voted to allow the claims is Leonard B. Fowler, attorney-general of the State of Nevada, and that prior to the presentation of the claim of said Broili to the board said Leonard B. Fowler at the request of the commission rendered an opinion, holding that the appropriation is valid, and that said claim should be paid from the money so appropriated; that the opinion of the attorney-general has been repudiated and rejected by the governor and the secretary of state as members of the board, and by George A. Cole, state controller of the State of Nevada; and it is alleged that the latter will decline to draw warrants in payment of said claims from the specific sums said to have been appropriated.

The defendants filed an answer to the petition, and a summary thereof is to the effect that by the enactment of that certain act of the legislature of the State of Nevada (Stats. 1919, c. 109), entitled "An act defining public utilities, providing for the regulation thereof, creating a .public service commission, defining its duties and powers, and other matters relating thereto," approved March 28, 1919, and effective April 1, 1919, said sections 23 and 24 of the general appropriation act have ceased to be of force since last-mentioned date,

and are inoperative, and that no claims can be allowed from, nor any warrants be drawn upon, said alleged appropriations.

It is admitted in the answer that said Boyle, Brodigan, and Cole have declined to accept the opinion of the attorney-general, but denied that either of these members of the board voted to reject the claims.

The regular presentation and validity of the claims are not denied in the answer, and it is alleged that said Emmet D. Boyle and George Brodigan, as members of the state board of examiners, have been at all times, and now are, ready and willing to approve the same, and to authorize their payment out of the fund of $10,000 appropriated by section 46 of the said act of March 28, 1919; and that said George A. Cole, as state controller of the State of Nevada, has at all times been, and now is, ready and willing to draw his warrants in payment of said claims upon the appropriation authorized by the statute last mentioned.

This is not a proper case for the issuance of the extraordinary writ of mandamus. Section 46 of said act of March 28, 1919, provides as follows:

"For the purpose of carrying out the provisions of this act, the sum of ten thousand ($10,000) dollars is hereby appropriated out of any moneys in the treasury not otherwise appropriated."

The contention is nowhere made that this fund is not available for the payment of the claims, or that it does not constitute an appropriation out of which the claims might be legally paid. But it is claimed by the commission that there are specific appropriations created by item 3 of section 23 and item 1 of section 24 of the general appropriation act of 1919, which should be drawn upon for their payment. The act carrying these items of appropriation was passed March 22, 1919, and defendants contend that they were repealed by the act of March 28, 1919. We may assume, for the purposes of this decision merely, that no such repeal was effected by the latter act, and still the writ may not

issue. For, if the items mentioned in said sections 23 and 24 constitute valid subsisting appropriations available for the payment of the claims, there is then, by reason of the additional appropriation made by said section 46, more than one. fund out of which they may be paid; and the right of the board of examiners to allow and approve the claims, as payable out of either, would involve an exercise of discretion which could not be controlled by mandamus.

The peremptory writ prayed for is denied, the alternative writ heretofore issued quashed; and the proceedings dismissed.